UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**NOT FOR PUBLICATION**

----------------------------------------------------------x
RAHSAAN A. SEABURY,

                        Plaintiff,           **MEMORANDUM AND ORDER**

                     -against-                    04-CV-5569 (ERK)

NEW YORK CITY AND/OR
THE NEW YORK CITY
BOARD OF EDUCATION,

                        Defendants.
----------------------------------------------------------x
KORMAN, Ch. J.

On December 21, 2004, plaintiff, Rahsaan A. Seabury, filed his complaint in this *pro se* action and served a summons and a copy of the complaint upon the Law Department for the City of New York. Although defendants would ordinarily have had to serve an answer to the complaint by January 10, 2005 – 20 days after being served with the summons and complaint, *see* Fed. R. Civ. P. 12(a)(1)(A) – defendants' time to answer was extended at the Law Department's request to February 4, 2005. *See* Order of Magistrate Judge Bloom dated Jan. 11, 2005 (endorsed on ACC Eichenholtz's letter to Judge Bloom dated Jan. 5, 2005 (Document #4)).

On February 4, 2005, the Law Department responded to plaintiff's complaint by filing a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). This altered the deadline for filing an answer; had this Court denied the motion, defendants would have had to serve a responsive pleading within 10 days after notice of the denial. *See* Fed. R. Civ. P. 12(a)(4). However, this Court did not deny or even rule on defendants' motion to dismiss. Instead, by order dated February 17, 2005, this Court, acting on its own initiative, dismissed plaintiff's action as frivolous. *See Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363-64 (2d

Cir. 2000). This order terminated the action, making it unnecessary for plaintiff to respond to the motion to dismiss or for defendants to file a responsive pleading.

On March 30, 2005, plaintiff, apparently unaware of the aforementioned developments in this case and/or their significance, moved for a default judgment in this case. The Law Department responded and that motion was denied on April 15, 2005, by Magistrate Judge Bloom, who endorsed an order noting that the case had been dismissed on February 17, 2005. However, on April 13, 2005 – two days before Judge Bloom issued her order denying plaintiff's motion – plaintiff filed an amended motion for a default judgment, alleging that the prior motion had been improperly served. The Law Department, perceiving this to be a second motion for a default judgment, responded yet again, this time accusing plaintiff of continuing "to waste the resources of this Court and of defendants by making baseless motions for default," and requesting that this Court "instruct the *pro se* plaintiff to cease making motions for default judgment in this case and that future frivolous motion practice may lead to sanctions." Letter from ACC Eichenholtz to Judge Bloom dated April 20, 2005, pp. 1-2.

While this Court understands ACC Eichenholtz's frustration, it does not currently view plaintiff's actions as willful misconduct or as an attempt to harass either the Court or the Law Department. Plaintiff is a *pro se* litigant without extensive prior experience before this Court. Construed liberally, plaintiff's actions may be due to a failure to keep abreast of developments in this case or a failure to understand that defendants never defaulted, that this case has already been dismissed and that further submissions will therefore be unavailing. This Court trusts that plaintiff, having been hereby apprised of the developments in this case and of their import, will

not file further motions relating to this matter and that it will therefore be unnecessary to consider imposing sanctions upon plaintiff.

SO ORDERED.

EDWARD R. KORMAN
United States District Judge

Dated: Brooklyn, New York
　　　　　4/27, 2005